SCHOTT, Judge,
concurring.
I agree with the majority opinion, but on the issue of liability I do not believe that Wilson v. Virgademo, 258 So.2d 572 (La.App. 4th Cir. 1972) is applicable. That case involved the application of LSA-C.C. Art. 2695 to an injury suffered by a tenant as a result of a defect in the leased premises. This article and the case do not have any application to our facts which involve the injury of a visitor or invitee to the premises. However, liability is clear under C.C. Art. 2315 or Art. 2317 as interpreted in Loescher v. Parr, 324 So.2d 441 (La.1975). In either case defendants could avoid liability by proving contributory negligence on the part of plaintiff or as stated in the Loescher ease that the damage was caused by the fault of the victim. However, there is evidence to support the trial judge’s conclusion that there was no fault on the part of plaintiff because the crack in the steps widened as she made use of the steps, so that she may have been aware of some defect but not a defect which would have been sufficient to cause her injury.